Mr. Justice Clayton
delivered the following opinion of the court.
Since the re-argument of this cause, we have bestowed upon it a patient investigation, and shall proceed to state the result.
Whatever doubts may once have existed, upon the subject in England, it is at this day settled, that the word “credible,” in the statute of wills, means competent, and that the question of competency relates to the time of attestation. 1 Jarm. on Wills, 62; Windham v. Chetwynd, 1 Burr. 414; Hindson v. Kersey, 1 Day, 41, notes; 4 Burn's Ec. Law, 27; Brograve v. Winder, 2 Vesey, Jr. 634; Amory v. Fellows, 5 Mass. 219; Taylor v. Taylor, 1 Rich. 531; Hawes v. Humphrey, 9 Pick. 350.
In this case it is insisted that the attesting witnesses to the will are all incompetent, by reason of interest under the will. Two of them are appointed executors. To them a legacy is given, and by virtue of our statute law, they are also entitled to commissions, as compensation for their trouble in executing the will. The wife of the other subscribing witness is a legatee under the will.
*251 , To consider first the competency of the executors. The direct legacy to them does not prevent their giving testimony. Our statute provides that, “ If any person shall be a subscribing witness to a will, wherein any devise or bequest is made to such subscribing witness, and the will cannot be otherwise proved, the devise or bequest to such witness shall be void, and he or she shall be compellable to appear, and give testimany on the residue of the will, as .if no such devise or bequest had been made.” Hutch. Code, 651. There is no room for doubt upon that head. Upon the other part of the question, the effect which the right to commissions has upon their competency, there is much more difficulty.
On the one side, it is urged that the commissions are neither a devise nor a bequest, that they do not fall within the scope of of the statute just cited, and that the executors are not relieved from incompetency by its provisions. On the other hand, it is insisted, that the case falls within the spirit and intention of the statute; and even if it does not, that they are competent by the general rules which govern it.
There is great want of harmony in the decisions upon the subject, which will render it necessary for us to go over the leading cases. By the common law, executors were entitled to no compensation for their services and trouble. It was settled so long ago as Lord Hale’s time, that an executor having no interest in the surplus, was a good witness to prove a will. I Mod. 107; Bettison v. Bromley, 12 East, 250. As the English law gave no compensation, we need not look to their decisions for direct authority upon the point under consideration.
We proceed to examine the American cases relied on to establish the incompetency of the executor. Taylor v. Taylor, 1 Rich. 531, was a case in which the court held, “ that the statute 25 Geo. 2, c. 6, was in force in South Carolina, but did not extend to personal estate, and that one appointed executor, by his right to commissions, takes an interest by the will, which renders him an incompetent witness.” It will be borne in mind that the statute of Geo. 2 embodies the same provisions in substance contained in our statute above set forth; and that the *252 English courts held it did not apply to wills of personalty, because they required no attestation. 1 Jarm. 65; Emanuel v. Constable, 3 Russ. 436.
The next is the case of Tucker v. Tucker, 5 Iredell, 161, in which the court of North Carolina expressed its regret, that the policy of the statute of Geo. 2, had not been adopted in that state; and held, “ that the executor was not a competent witness upon the trial of an issue devisavit vel non, because of his legal right to commissions on the personal estate.” From the expressions used in these two cases, it seems highly probable, that if such a statute as that of Geo. 2 had been in force in those states, the executors would have been admitted as witnesses.
Allison’s Ex’rs v. Allison, 4 Hawks, 141, decides that one appointed a trustee to sell lands under a will, and also executor, is not a competent attesting witness.
In Gebhart v. Gebhart’s Ex’rs, 15 Serg. & Raw. 235, in an action by two executors, it was held that one of them was not a competent witness, although he offered to make a deposit sufficient to cover all costs, because of his interest in the commissions on the estate. Anderson v. Neff, 11 S. & R. 208, in the same court, merely followed this decision.
■ In Gass’s Heirs v. Gass’s Ex’rs, the supreme court of Tennessee held, that the statute 25 Geo. 2, is not in force in that ■state, and that a legatee is not a good attesting witness. 3 Humph. 279.
In Sears v. Dillingham, 12 Mass. 358, the executor was held to be incompetent, because liable to costs. The court goes on to say, “ that by the common law, an executor, who is not a residuary legatee, and has no beneficial interest in the estate, maybe a witness to prove the execution of the will.” “The competency must exist at the time of attestation; a subsequent incompetency will not affect the formal execution of the will, otherwise the commission of a crime, which renders infamous, or the succession to an estate under a devise, would disable a witness who was free from crime or interest, at the time of subscribing.” “If, then, the executor was a competent witness at the time he attested the will, there can be now no legal objection *253 to it because of his subsequent incompetency. He appears to derive no interest whatever under the will, not being residuary legatee, nor having any devise or bequest in it.”
We will now examine the cases on the other side. In Comstock v. Hadlyme Eccl. Soc. 8 Conn. Rep. N. S. 254, it was held, that an executor who has accepted the trust, and acted under the will, but derives no beneficial interest under it, is a competent witness to establish it, not being liable for costs. The point of compensation for their services was relied on, as a reason to exclude him, but the court held him to be competent, although “ he was entitled to payment of his expenses, and compensation for his services.” Ib. 263.
In the will of McDaniel, 2 J. J. Marsh. 332, the court said, “ an executor who has no interest in the residuary fund, and no other interest than that\>f a fiduciary, is a competent witness to prove the will, whereby his appointment is initiated.” In Kentucky, where this decision was made, the executor is by statute allowed compensation for his services, and they have a similar statute to ours, in regard to bequests to subscribing witnesses. 1 Ken. Stat. by Moreh. & Brown, 510; 2 Ib. 1541.
In the late case in regard to the will of John Randolph, of Roanoke, a question arose as to the competency of Judge Leigh, one of the executors, to testify as to the sanity of the testator. He was not a subscribing witness, but the question is the same, the incompetency of the witness by reason of interest. He was a legatee under the will, but released all interest. The case was elaborately argued in all its parts.
The court held the witness to be competent. They say, “ an executor, in his transactions as such with the world, is the representative and legal owner of his testator’s estate, responsible for its due administration, identified with its interests, and bound to assert and defend them. He cannot be a witness for himself in controversies with strangers affecting the interests thus vested in him. Nor when he is called to account as trustee, by his cestuis que trust, can he testify against them in relation to the measure' or extent of his responsibility. But what good objection can ■there be to his competency amongst the cestuis que trust them *254 selves, or between two classes of persons, each claiming the interests rightfully belonging to cestuis que trust ? The estate which he represents is in no wise interested' in such a contest. Nor has he himself any personal interest in it.” “ As to his losing the office of executor, by a vacation of the will, it is no loss in the eye of the law, which regards it, not as a lucrative employment, but as an onerous engagement, accepted from different considerations than pecuniary emolument. His commissions are designed merely to reimburse him for his labor and expenses; and if he should lose them prospectively, he will be at the same time relieved from the services and responsibilities for which they are allowable.” Coalter’s Exec’rs et al. v. Bryan and Wife et al. 1 Grat. 87, 89.
Thus stand the decided cases. The confusion in their results proves that all of them cannot rest on correct principles.
It is very clear that the appointment to the office of executor does not disqualify. The whole current of English cases is that way. Phipps v. Pitcher, 6 Taunt. 219; Bettison v. Bromley, 12 East, 250; 3 Lomax, Dig. 45. It is the interest taken under, and derived .from, the will, that has that effect. It is the law which gives the commissions. Without the statute the executor would not be entitled to compensation. Do the commissions thus granted render the executor incompetent 1 It is not to be doubted, that the question of competency relates to the moment of attestation. If the witness be not competent then, nothing afterwards can make him so. If he be, those having a right to the benefit of his testimony cannot be defeated of that right by subsequent occurrences. The cases from 12 Mass, and from 8 Conn, clearly establish this. When, then, does the beneficial interest of the executor, which, it is insisted, excludes him, accrue ?• At the time of the attestation he has no interest, because the will confers no pecuniary benefit upon him. In this respect he differs from an executor who took the residuum at common law. At the probate of the will he has no interest, because he may renounce the trust, or be unable to give the required security. The grant of the letters testamentary confers the interest; until then, it does not exist. The attestation and *255 the probate both precede this. The right to commissions, so far from taking effect, by relation to the time of attestation, does not accrue till the performance of services, and the allowance is not made, until the final settlement of the estate, or the close of the administration. Merrill v. Moore's Heirs, 7 How. 293. The commissions are allowed upon the whole estate administered, and if, in point of fact, the executor do not administer the estate, he is entitled to no compensation. It follows there is not that “certain, immediate legal interest” in the witness, at the time of attestation, which is necessary to render him incompetent.' 1 Greenl. Ev. 455.
It was attempted to draw, from the seventeenth section of the statute 1 Viet. ch. 26, an argument against the competency of the executor as a witness. In England, until the statute 1 Will. 4, ch. 40, the executor, in default of a residuary legatee, was entitled to the surplus, unless the testator’s intent to the contrary appeared; and this interest rendered him incompetent in cases involving the validity of the will. The statute 1 Will. 4, ch. 40, cut off this interest, by precluding the executors from claiming any beneficial interest in the undisposed of personalty, by virtue of their office. They therefore became mere naked trustees, and competent to testify, as they were previously when they took no interest under the will. The section in the statute of Victoria is as follows: “No person shall,-on account of his being an executor of a will, be incompetent to be admitted as a witness to prove the execution of the same.” This clause was evidently framed in reference to the statute of Will. 4, and to relieve the executor from the loss of his interest in the residue. This is the construction of Jarman, in his work on Wills, vol. 1, p. 66. It was not to alter any provision in the statute Geo. 2, because that had always been construed not to extend to wills of personalty. The object of the statute of Victoria was to embody all the provisions on the subject of wills in one act, and to make them extend to personal as well as to real estate. Lovelass on Wills, 274; Law Library, vol. 23.
But we do not think the commissions are a bequest, but that they are an interest conferred exclusively by the law. In Vir *256 ginia, there is a statute on the subject of bequests to subscribing witnesses of wills, of which ours is in substance a copy. They have also a similar law, allowing compensation by way of commissions to executors. The case referred to in Grattan, is therefore entitled to the more weight, and in accordance with that decision, and with the general principles we have endeavored to state, we hold that the executors are competent witnesses, and that they have a right to their commissions, in the same manner as if they had not attested the will.
Their testimony will establish it as a will of personalty. The next question is, was Collier a competent witness 1 As to the personalty he clearly was not. The fourth clause of the will gives to Sarah A. Truly certain slaves, which, in case of her death without issue, are to go over to her brothers and sisters, of whom the wife of Collier was one. This is not an estate tail, but an executory devise, coming within, the provisions of our statute in regard to that species of limitation and protected by it. H. &. H. 349, sec. 26. This question is fully covered by the decisions in Kirby v. Calhoun, 8 S. & M. 462, and Carroll v. Renich, 7 S. & M. 798. Collier’s wife then had an interest in the slaves, which, by the married woman’s law, is a separate interest. Her husband acquires no right to it, and consequently it does not fall within that provision of the statute, which declares a legacy or bequest to a witness to be void. But on the general principle, which excludes a husband from testifying in a matter in which his wife has an interest, Collier was an incompetent witness as to the personalty. Moore v McKie, 5 S. & M. 243.
The question then arises, whether he was competent, as to the real estate; and this brings up the question, whether his wife took any interest under the sixth clause of the will.
In the fourth clause the testator says, “I wish the property I bequeath and bestow on Sarah A. Truly to be given and secured to herself and her bodily heirs, should she marry; and at her death,'should she have no issue, it is to go to her brothers and sisters.” In the sixth, he says, “and the balance of,my property to be divided between Sarah A. Truly and Mrs. Martha Truly.” In this balance his land was included. The general *257 words in the fourth section are to be transferred to the sixth, as they are broad enough to apply to every disposition contained in the will, in favor of Sarah A. Truly. There is, then, a valid executory devise to Mrs. Collier. We are unable to perceive any difference in the principle, applicable to the testimony of Collier, whether his wife’s interest relate to real or personal estate. Her interest in each instance is, under our law, a separate one, secured to her own exclusive use. Yet the general policy which excludes husband and wife from testifying in matters involving the interest of either, makes him incompetent as to the realty, as well as the personalty.
The English cases hold that the statute 25 Geo. 2, does not apply where the witness takes no direct interest under the will, but only a consequential interest. 1 Jarm. 64; Hatfield v. Thorp, 5 Barn. & Ald. 589. The cases in this country hold differently, and avoid the devise or bequest, and make the witness competent. Cooder v. Woods, 1 Johns. Cas. 163; 2 Ib. 314; Winslow v. Kimball, 25 Maine R. 495. We think, however, it is better to hold, that the case does not fall within ouivstatute, avoiding bequests to witnesses, because the interest of the wife here is separate, and in this respect there is not “ that unity of person,” on which these cases last cited, in part at least, rest their claims for support. It follows, that Collier was incompetent as to the real, as well as the personal estate, and as there are not enough witnesses to establish the will as a devise of land, without him,'the will to that extent cannot stand.
In regard to the charges asked of the court, what has already been said will cover nearly all of them. It was erroneous, however, in the court below to have refused the charge — “that it is necessary to the due and proper execution of a will, that the witnesses should attest it in the presence of the testator.” See 1 Jarm. 74; Niel v. Niel, 1 Leigh, R. 6; Hutch. Code, 649, sec. 14.
The order of the probate court dismissing the petition of the appellants is therefore reversed, and the cause remanded for farther proceedings, in conformity with this opinion.
Decree reversed.
*258 Mr. Chief Justice Sharkey expressed himself as not entirely satisfied with the foregoing opinion, so far as Collier was held to be incompetent to testify as to the realty.